UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL KEITH CUMMINGS,<br><br>    Defendant. | CASE NO.  CR02-286 RSL<br><br>PROPOSED FINDINGS OF<br>FACT AND DETERMINATION<br>AS TO ALLEGED VIOLATIONS<br>OF SUPERVISED RELEASE |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on December 4, 2006.  The United States was represented by William Redkey and the defendant by Tim Lohraff. The proceedings were recorded on cassette tape.

## ORIGINAL CONVICTION AND SENTENCE

Defendant had been convicted on or about December 13, 2002 on a charge of being a convicted felon in possession of a firearm.  He was sentenced by the Hon. Robert S. Lasnik of this Court to imprisonment for 45 months, followed by three years of supervised release.

## PRIOR VIOLATIONS AND REVOCATIONS

The court has revoked defendant's supervised release on two prior occasions. On November 3, 2005, the court found defendant had violated conditions, and sentenced him to four

months of imprisonment, followed by 24 months of supervised release.

On May 3, 2006, the court found defendant had violated conditions by using marijuana and alcohol, and failing to participate as directed in an in-patient treatment program. On that occasion the court imposed an additional six months of imprisonment, followed by one year of supervised release.

PRESENTLY ALLEGED VIOLATIONS AND DEFENDANT'S ADMISSION AND DENIAL

Senior USPO Jennifer J. Tien has submitted two successive applications, alleging the following two violations of the conditions of supervised release:

(1) Failing to report to the U.S. Probation Office in the district in which he was released within 72 hours of his release from the custody of the Bureau of Prisons on August 18, 2006; and

(2) Possession of a stolen firearm, on or about October 1, 2006.

At the hearing December 4, 2006, defendant admitted the first of these alleged violations, and waived any hearing as to whether that violation occurred. He denied the second alleged violation.

SUMMARY OF HEARING ON SECOND ALLEGED VIOLATION

Detective David Mohr of the Des Moines Police Department was the only witness to testify. This alleged violation arises from an incident just outside the Redondo Bar & Grill, a nightclub in Des Moines, in the early morning hours of October 1, 2006. Based upon reports and interviews, Det. Mohr has learned that there was a crowd of people in a parking lot adjoining the nightclub. Shots were fired, and a man was shot in the back (he survived the shooting). Off-duty police officers who were patrolling on bicycles saw two men running, and directed them to stop. One man, named Hardin, did stop. Another continued to run, scaled a fence into a Public Storage lot, and dropped an object as he climbed the fence. The man fled the scene. Det. Mohr later recovered that object, which proved to be a 9mm firearm with a "stovepipe" attachment, and a spent

cartridge stuck in the ejection mechanism.

An informant told Det. Mohr that a man known as "Scrap," whose first name was Michael, had bragged he had been involved in a shooting at the Redondo Bar & Grill where a man was killed. The informant told Det. Mohr where "Scrap" lived. That proved to be the residence of defendant.

The U.S. Marshal arrested defendant on a fugitive warrant. Det. Mohr interviewed him. After he was advised of his Miranda rights, and waived them, defendant initially denied being present, but ultimately admitted he had brought a loaded firearm to the scene that night, and had taken it away from another person after the shots were fired. He admitted he had climbed the fence and dropped the firearm, when it discharged. His description of the firearm coincided with the firearm recovered at the scene.

The firearm had been stolen from a residence in Lakewood. Det. Mohr interviewed the owner, who confirmed that it had been stolen, and did not know defendant.

There is no eyewitness testimony, by way of lineup or otherwise, placing defendant at the scene. A surveillance camera provided images of the man who fled from the officers, climbed the fence and dropped the weapon. Det. Mohr testified that the photographic evidence is consistent with defendant's build, but it does not provide a positive identification. As of yet there is no fingerprint or DNA evidence linking defendant to the firearm recovered at the scene.

## RECOMMENDED FINDINGS

I recommend the court find the United States has shown by a preponderance of the evidence that defendant violated the conditions of his supervised release in both of the respects alleged. Defendant has admitted the first alleged violation. The testimony of Det. Mohr establishes the second violation. The court should therefore conduct a further hearing to make a final ruling on both alleged violations, and for disposition.

Chief Judge Lasnik has scheduled that hearing for January 3, 2007 at 9:00 a.m. Defendant

has been detained, pending a final determination by the court.

DATED this 4th day of December, 2006.

       /s/John L. Weinberg
JOHN L. WEINBERG
United States Magistrate Judge

cc:    Sentencing Judge    :    Hon. Robert S. Lasnik
       Assistant U.S. Attorney    :    William Redkey
       Defense Attorney    :    Tim Lohraff
       Senior U. S. Probation Officer:    Jennifer J. Tien